**Barbara Hernandez ESPINOZA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 06–74247, 07–70073.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Angelo A. Paparelli, Esquire, Paparelli & Partners, Irvine, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, John C. Cunningham, Esquire, OIL, Norah Ascoli Schwarz, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

In No. 06–74247, Barbara Hernandez Espinoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for cancellation of removal, and denying her claim of ineffective assistance of counsel. In No. 07–70073, Hernandez Espinoza petitions for review of the BIA's order denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations, including those due to ineffective assistance of counsel, and we review for abuse of discretion the denial of motions to reopen and reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We dismiss in part and deny in part the petition for review in No. 06–74247, and we deny the petition for review in No. 07–70073.

 We lack jurisdiction to review the agency's discretionary determination that Hernandez Espinoza failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Mar-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*tinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Hernandez Espinoza's contention that the agency legally erred and deprived her of due process by misapplying the law to the facts of her case does not state a colorable claim. *See id.* ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) ("misapplication of case law" may not be reviewed). Contrary to Hernandez Espinoza's contention, the agency provided a reasoned explanation of its decision denying her application for cancellation of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). To the extent Hernandez Espinoza contends that the agency violated due process by failing to consider all of her evidence of hardship, the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation and internal quotation marks omitted).

We agree that Hernandez Espinoza failed to demonstrate that prior counsels' representation resulted in prejudice, and thus her ineffective assistance of counsel claim fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (petitioner must demonstrate prejudice to prevail on an ineffective assistance of counsel claim).

The BIA did not abuse its discretion in denying Hernandez Espinoza's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's underlying July 31, 2006, order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We do not consider contentions Hernandez Espinoza seeks to introduce in her reply brief to the extent that they make a new "offer of proof" as to hardship that was not before the agency. *See Chouchkov v. INS,* 220 F.3d 1077, 1080 (9th Cir. 2000) (review limited to the administrative record).

Respondent's motion to strike is denied as moot.

**In No. 06–74247: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 07–70073: PETITION FOR REVIEW DENIED.**